[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR APPOINTMENT OF RECEIVER OF RENTS
I.
The plaintiff Federal Deposit Insurance Corporation (hereinafter, "FDIC") as Receiver of Central Bank filed the instant action seeking to foreclose a mortgage from the defendant NR Investments, a Connecticut partnership, to First Central Bank in the principal sum of $830,000.00 dated April 6, 1989, and CT Page 9386 recorded in the Hartford Land Records. It claims that installments of interest due on January 1, 1992 and thereafter have not been paid and that as of May 1983 approximately $998,000.00 plus interest is due. The second count is brought against the defendant Nelson Rabinovitch who guaranteed payment of the note.
On July 14, 1993, the plaintiff filed an application to have this court appoint a receiver of rents on the grounds that despite collecting approximately $23,500.00 each month in rents, the defendant, in addition to not paying principle and interest, also had a large outstanding real property tax bill. The plaintiff also claimed that the defendant had signed a Collateral Assignment of Leases and Rentals dated April 6, 1989.
II. A.
This case involves a three structure shopping center with several small shops anchored by a large grocery store at 255-295 Barbour Street, Hartford, Connecticut, and more commonly known as Unity Plaza. At the hearing, the plaintiff's appraiser testified that the property was worth $1,250,000.00 with gross rentals of $282,702.00 less a presumed 15% collection/vacancy offset of $42,405.00 leaving a total income of $240,297.00. Upon cross examination, he acknowledged that at the inspection on January 9, 1993 (his only visit to the premises), the property was fully rented. He also had no knowledge of the vacancy status at the hearing. He testified that the property was well managed and pictures introduced at the hearing indicated that the exterior and grounds were well maintained. He said that the property was unique and was not aware of anything that would suggest that management was committing waste with the one possible exception of failure to pay taxes.
The parties stipulated that $111,368.00 was owed to the City but that since November 1992, $59,805.35 had been paid by the defendant.
B.
Plaintiff maintains that as the debt is now equal to or greater than the fair market value and as there is a large tax balance outstanding, this court must grant the application and appoint a receiver of rents. While not contesting the failure to pay on the note and the outstanding balance on the taxes, the defendants counter that as the property is well maintained, CT Page 9387 there is no need for the appointment of a receiver. The parties acknowledge that the appointment of a receiver rests in the equitable discretion of the court. New England Savings Bank v. Deros, 5 Conn. L. Rptr. 165, 167 (1991) (Axelrod, J.). The appointment of receivers is controlled by General Statutes 52-504
which indicates that the decision is discretionary as the court "[m]ay make such order in the action as the exigencies of the case may require and may from time to time, rescind and modify and such order." The purpose of a receiver is to protect the property from waste prior to final judgment in a foreclosure action. Hartford Federal Savings and Loan Assoc. v. Tucker,196 Conn. 172, 175 (1985). "It is not the office of a court of equity to appoint receivers as a mode of granting ultimate relief." Id.
It should first be noted that while the mortgage deed and the collateral assignment authorize the collection of rents, that alone is not dispositive of the motion. The loan documents are only factors to consider. See, FDIC v. Main Street Properties,2 Conn. L. Rptr. 234 (1990) (Spear, J.).
It is clear that a receiver can be appointed where the mortgagor fails to pay the taxes. Hartford Federal Savings and Loan Association v. Tucker, supra; Desiderio v. Iadonisi,115 Conn. 652 (1932). In this case, the testimony is that the defendant is making payment on the taxes. There was no testimony by either party as to whether the overage was reducing the debt or simply paying interest. Nevertheless, with a yearly tax obligation of approximately $45,000.00, $59,805.35 was paid in an 11 month period. Moreover, the defendant, through its attorney, indicated it was willing to be bound to an order of monthly payments of at least $6,000.00 a month. The court further notes that $20,000.00 was paid to the plaintiff since the institution of this suit but the plaintiff made no payment to the City.
This court is not convinced that a receiver should be appointed. There is no claim that the property is not well maintained and it appears that, although behind, much progress is being made on the payment of taxes. As noted by Judge Satter in denying the appointment of a receiver in New Connecticut Bank and Trust Company v. 20 Sisson Street, 5 Conn. L. Rptr. 531
(1992):
 A receivership is a drastic remedy. It takes control of the property from the defendant CT Page 9388 owner and vests it in an outsider who is likely not to manage it as efficiently and economically as the owner. A receivership is likely to cause tenants to move, and to adversely affect the owner's chances of refinancing or selling the property.
Additionally, while there was testimony that the value of the property may be less or equal to the debt, the depreciation is apparently due to the economy, not to the manner in which the defendants maintain the property. As Judge Spear observed in FDIC v. Main Street Properties, supra, 236:
 It is true that the security is inadequate, however, that inadequacy is not the result of waste or mismanagement. The risk of a sluggish market, inherent to any commercial construction project, has materialized to the detriment of all the parties.
III. Conclusion
For the above reasons, the application for appointment of receiver of rents is denied. The defendant is ordered to pay, during the pendency of this action, real property tax payments in the sum of no less than $6,000.00 per month.
Sussman, Duffy Segaloff for plaintiff.
Levy Droney for defendants.